# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                        )
          Plaintiff,       )
                        )
                        )     Cr. ID No. 1601002267
                        )
THOMAS A. ROBLES,     )
                        )
          Defendant.     )

Submitted: April 13, 2023
Decided: May 25, 2023

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED AND DEFENDANT'S MOTIONS FOR THE APPOINTMENT OF COUNSEL, EVIDENTIARY HEARING AND TRANSCRIPTS SHOULD BE DENIED

John W. Downs, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorneys for the State.

Thomas A. Robles, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

PARKER, Commissioner

This 25th day of May, 2023, upon consideration of Defendant's Rule 61 motion for postconviction relief, it appears to the Court as follows:

## BACKGROUND AND PROCEDURAL HISTORY

In 2016, Defendant Thomas A. Robles pleaded guilty to one count of manslaughter (a lesser included offense of murder in the first degree), one count of possession of a firearm during the commission of a felony, one count of home invasion, one count of first-degree robbery, and one count of first-degree assault. On March 3, 2017, Robles was sentenced to an aggregate of twenty-four years of incarceration, followed by decreasing levels of supervision.[1]

Robles did not file a direct appeal. His conviction therefore became final on April 3, 2017.[2]

On October 21, 2019, Robles filed a motion requesting transcripts and discovery.[3] On November 1, 2019, the Superior Court denied Robles' motion.[4] In denying the motion for transcripts and discovery, the Superior Court noted that the time to file a direct appeal and/or a Rule 61 motion had passed.[5] Consequently, there was no just reason for the granting of the motion.

---

[1] *Robles v. State,* 2023 WL 21229647, *1 (Del. 2023).
[2] Super.Crim.R.61(m)(1).
[3] Superior Court D.I.s 73 & 74.
[4] Superior Court D.I. 75- November 1, 2019 Order denying motion for transcripts and discovery.
[5] *Id.*

On March 6, 2020, Robles filed a direct appeal from his March 2017 sentencing order.[6] The Delaware Supreme Court directed Robles to show cause why his appeal should not be dismissed as untimely.[7] In his response, Robles contended that he advised his trial counsel that he wished to appeal and that counsel informed him that counsel would file an appeal within thirty days. Robles further represented that he tried to correspond with his counsel several times during the following years. Robles asked the Delaware Supreme Court to accept his late notice of appeal so that he may pursue claims of ineffective assistance of counsel.[8]

The Delaware Supreme Court directed Robles' trial counsel to respond. Trial counsel responded that he had no recollection of Robles requesting that counsel file a motion to withdraw his guilty plea.[9] A plea that trial counsel opined was favorable to Robles in light of the charges he faced and the evidence against him.[10] Trial counsel further represented that had Robles sought to withdraw his plea and the Superior Court had denied the request, counsel would have filed a notice to appeal followed by an application to withdraw under Supreme Court Rule 26 because, in counsel's opinion, there were no arguably appealable issues.[11] Counsel represented

---

[6] *Robles v. State,* 2020 WL 1646789, *1 (Del. 2020).
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*

2

that he had not received any correspondence from Robles since his sentencing.[12] Finally, counsel noted that he had not received any notice to respond to a motion for postconviction relief filed by Robles.[13]

On April 2, 2020, the Delaware Supreme Court dismissed Robles' untimely direct appeal.[14] In so doing, the Delaware Supreme Court noted that Robles' failure to file a timely appeal was not attributable to court-related personnel. Consequently, this case did not fall within the exception to the general rule that mandates the timely filing of a notice to appeal.[15] As to Robles' claims regarding trial counsel, the Delaware Supreme Court held that Robles failed to explain why he waited almost three years to file a notice of appeal.[16] **The Delaware Supreme Court in dismissing the untimely direct appeal concluded that the time for filing a direct appeal as well as the time for filing a motion for postconviction relief had long-since passed.[17]**

On September 2, 2022, Robles filed a Petition for a Writ of Habeas Corpus alleging "denial of due process".[18] The Superior Court denied the petition on

---

[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.* (emphasis added).
[18] Superior Court D.I. 76.

September 7, 2022, concluding that Robles was legally detained.[19] On appeal, the Delaware Supreme Court affirmed the denial of the petition.[20]

On October 25, 2022, Robles filed a motion for transcripts and discovery.[21] The Superior Court provided Robles with a copy of his plea agreement and accompanying documents which were filed with his plea and advised that all other requests for discovery and transcripts were denied.[22] The Superior Court again reiterated that "[t]he time to appeal this matter has passed, and the deadline to file a Rule 61 motion has also passed." There is no justification in the motion to warrant providing a transcript of the plea or sentencing.[23]

Robles filed the subject motion, a Rule 61 motion for postconviction relief, on April 3, 2023.[24] Along with the Rule 61 motion, Robles requested the appointment of counsel, an evidentiary hearing, and the production of transcripts.[25]

## ROBLES' UNTIMELY RULE 61 MOTION

In the subject Rule 61 motion, Robles raises ineffective assistance of counsel claims for counsel's failure to take a direct appeal, for counsel's failure to "share discovery and challenge the State's case in pretrial matters", and for counsel's failure

---

[19] Superior Court D.I. 79.
[20] *Robles v. State,* 2023 WL 2129647 (Del. 2023).
[21] Superior Court D.I. 80.
[22] Superior Court D.I. 82.
[23] Superior Court D.I. 82.
[24] Superior Court D.I. 88.
[25] Superior Court D.I.s 89, 90 & 91.

to properly address Robles mental health issues during the plea.   Robles also asserts a claim of actual innocence stemming from an alleged recantation of his codefendant's statement in August 2020, and then again in September 2021.

Robles' conviction became final in April 2017.  To be timely, a motion for postconviction relief must be filed within one year after the judgment of conviction became final.[26]  In this case,  Robles must have filed a Rule 61 motion by April 2018 to be timely.  Robles did not file the subject Rule 61 motion until April 2023, six years later.

If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the Court may enter an order for its summary dismissal.[27]

In April 2020, the Delaware Supreme Court advised Robles that the time for filing a direct appeal as well as the time for filing a motion for postconviction relief had long-since passed.[28]  Three years later, in April 2023, Robles filed the subject motion for postconviction relief.  This motion for postconviction relief is time-barred, and as such, should be summarily dismissed.

---

[26] Del.Super.Crim.R. 61(i)(1).
[27] Del.Super.Crim.R. 61(d)(5).
[28] See, *Robles v. State,* 2020 WL 1646789, *1 (Del. 2020).

5

In 2020, Robles requested that the Delaware Supreme Court accept a late-filed direct appeal so that he may pursue claims of ineffective assistance of counsel. The Delaware Supreme Court denied that request. Now, three years later, his claims remain time-barred.

Turning to Robles' claim of actual innocence based on the alleged recantation of his codefendant in an affidavit in 2020, and again in 2021. Any such claim is not available to a defendant who chose to plead guilty and waived his right to a jury trial.[29] Here, Robles waived his right to a jury trial and pled guilty. Robles cannot satisfy the pleading requirements for pursuing a claim of actual innocence since he pled guilty and waived his right to a jury trial.[30]

For the sake of completeness, even if Robles was able to avail himself of an actual innocence exception to the Rule 61 procedural bars, which he is not, Robles was required to have brought the claim within one year of learning of its existence.[31] Robles bases his claim on his codefendant's alleged statement first made in August 2020. Robles did not file the subject Rule 61 motion until April 2023, almost three

---

[29] See, *Cadiz v. State,* 2022 WL 3366253, *1 (Del. 2022). See also, *Wonnum v. State,* 2023 WL 329272 (Del.)(to satisfy pleading requirements of Rule 61(d)(2), a defendant must have been convicted after a trial rather then plead guilty); *Grayson v. State,* 2022 WL 16630776 (Del.).
[30] See, Del.Super.Crim.R. 61(i)(5)- time-bar would not apply if movant satisfied pleading requirements of Del.Super.Crim.R. 61(d)(2). To satisfy pleading requirements of Rule 61(d)(2) a movant must have been convicted **after a trial** and pleads new evidence of actual innocence.
[31] See, Del.Super.Crim.R. 61(i)(1).

years later.  This claim even if once viable (which it was not) would now be time-barred at this late date.

This motion should be summarily dismissed.

## **RELATED PENDING MOTIONS ARE DENIED**

In accordance with the mandates of Rule 61, Robles' Rule 61 motion is summarily dismissed since it is time-barred.  As such, Robles' request for the appointment of counsel, evidentiary hearing, and for the production of transcripts are likewise denied.


For the foregoing reasons, Robles' Motion for Postconviction Relief should be SUMMARILY DISMISSED and his request for the appointment of counsel, evidentiary hearing, and for transcripts should be DENIED.


**IT IS SO RECOMMENDED.**


    /S/ Lynne M. Parker
Commissioner Lynne M. Parker


cc:    Prothonotary
       Michael C. Heyden, Esquire


7